Elizabeth Boynton, Appellee, v. Chicago City Railway Company, Appellant.

Gen. No. 14,956.

1.  VERDICTS—*when not disturbed.* A verdict will not be set aside on review as against the weight of the evidence unless clearly and manifestly so.

2.  INSTRUCTIONS—*when submitting questions of law will not reverse.* An instruction which leaves to the jury to determine what are the material allegations of a declaration will not reverse if other instructions given indicate to the jury what such material allegations are.

Action in case for personal injuries. Appeal from the Superior Court of Cook county; the Hon. HOMER ABBOTT, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1908. Affirmed. Opinion filed April 8, 1910.

JAMES G. CONDON and WATSON J. FERRY, for appellant; JOHN R. HARRINGTON, of counsel.

C. S. O'MEARA, for appellee.

MR. JUSTICE SMITH delivered the opinion of the court.

This action was brought by Elizabeth Boynton against the Chicago City Railway Company to recover

damages sustained by the plaintiff as a result of being thrown from one of defendant's cars upon which she was a passenger, near the intersection of Thirty-fifth street and Vernon evenue, in the city of Chicago.

It appears from the evidence that the plaintiff boarded one of the defendant's cars going west on Thirty-fifth street at Cottage Grove avenue in order to be carried west to Rhodes avenue. She was unable to attract the attention of the conductor on the car until after the car had passed Rhodes avenue, but between Rhodes and Vernon avenues she attracted his atten-; tion, indicated her desire to alight and he signaled the' motorman to stop. The plaintiff's claim is that the car was brought to a stop at or near the intersection of Thirty-fifth street and Vernon avenue and while she was endeavoring to alight with due care and caution but before she had stepped from the car, it was suddenly started forward and she was thrown to the ground and injured.

The defendant's contention is that the plaintiff carelessly and negligently attempted to alight from the car before. it was stopped and while it was in motion, and that in so doing she was guilty of contributory negligence which caused or contributed to the injuries which she received.

On the liability question thus presented there is a sharp conflict in the evidence. The plaintiff's contention is supported by the evidence of herself and two other witnesses, Mrs. Delia Bradley and F. L. Cuffey.

On the other hand, the contention of the defendant is supported by the testimony of John A. Dooley, G. H. Bowles, Mrs. Bowles, his wife, and James Gregan, the conductor of the car.

Upon a careful examination of and reflection upon the testimony on the question of liability, we cannot say that the verdict in favor of the plaintiff was the result of passion or prejudice on the part of the jury, or that it is manifestly against the weight or preponderance of the evidence. We would not be justi-

fied, therefore, in setting aside the verdict and judgment on that ground. Nor can we sustain the contention on the part of the defendant that there is nothing in the record which justified the jury in awarding anything more than nominal damages. We think the evidence sustains the verdict as to the damages sustained.

Upon an examination of the errors assigned and argued relating to the rulings of the court in admitting and excluding evidence during the trial we are of the opinion that if there were errors they were of trivial importance and did not in any way affect the result reached. We do not think the judgment should be reversed for those matters.

It is urged that the trial court committed error in permitting counsel for plaintiff, in his closing argument to the jury, to read portions of the deposition of a witness. Neither the abstract of record nor the record itself shows what was read to the jury from Dr. Helm's deposition. We are therefore unable to determine what was read from the deposition, if anything. We cannot determine, therefore, whether any material error was committed in that regard, if it be error to read from depositions in an argument. On this record the question is not properly raised for decision.

At the request of the plaintiff the court submitted to the jury the following instruction:

"7. The jury are instructed that by a preponderance of the evidence is not necessarily meant the greater number of witnesses, but if the plaintiff has proven the material allegations of her declaration by such evidence as satisfies and produces conviction in the minds of the jury, then she has proven her case by a preponderance of the evidence."

The vice in the instruction, it is said, lies in the fact that it left it to the jury to determine what the material allegations of the declaration are. We have no doubt that considered by itself, and without considering the other instructions in the case, the instruction

is objectionable on the ground stated.  But, the court at the instance of the defendant instructed the jury, in the 11th instruction given, what the material allegations were in substance, by saying to them that to entitle the plaintiff to recover they must believe from the evidence that she has proved by a preponderance of the evidence the following propositions:

"1st.  That she was exercising ordinary care for her own safety at and prior to the time of the accident in question.  2nd.  That the defendant company was guilty of negligence in the manner charged in the declaration.  And 3rd.  That such negligence was the proximate, direct cause of the plaintiff's injury in question.

"And if you find from the evidence she has failed to prove by a preponderance of the evidence these propositions as stated, or that she has failed to prove any one of them, she cannot recover against the defendant company, and you should find the defendant not guilty."

The 17th, 18th and 21st instructions given at the request of the defendant also call the attention of the jury to the material facts to be proven by the plaintiff in order to entitle her to recover, and explain to them the issues and the meaning of the terms used in the instructions.  In our opinion these instructions offered by the defendant fully informed the jury what the material allegations of the declaration were, and cured the vice in the instruction complained of.

Finding no material error in the record the judgment is affirmed.

*Affirmed.*